UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR HUGO BRAVO ARMENDRAIZ,

    Petitioner,

                                  Case No. 8:13-CV-320-T-30TBM
                                        8:10-CR-252-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Memorandum of Law in Support (Cv-D-1), and the Government's response in opposition thereto (Cv-D-3).

    On October 13, 2012, Petitioner pled guilty to conspiracy to possess with the intent to distribute cocaine, while being onboard a vessel subject to the jurisdiction of the United States and to possessing with intent to distribute 5 kilograms of more of cocaine while on a vessel subject to the jurisdiction of the United States in violation of Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii). On March 2, 2011, the Court sentenced Petitioner to a term of imprisonment of 87 months. Petitioner did not appeal.

    On January 28, 2013, Petitioner filed his § 2255 motion claiming that he is illegally incarcerated because the MDLEA is

unconstitutional as applied to his case. He further claims ineffective assistance of counsel in failing to preserve the issue. Recognizing that he filed his motion more than one year after the judgment in his case became final, Petitioner argues for the applicability of the exceptions set forth in 28 U.S.C. §§ 2255(f)(3) and (4).

Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner specifically relies on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). That, however, is a circuit court decision, not a Supreme Court decision. As such, Petitioner cannot benefit from Bellaizac-Hurtado under § 2255(f)(3)'s provision for a delayed start of the limitation period. Vargas v. United States, No. 8:13-cv-325-T-30TBM, 2013 WL 424362, at *1 (M.D. Fla. Feb. 4, 2013); Chamorro-Betancourt v. United States, No. 8:13-cv-259-T-30MSS, 2013 WL 352599 (M.D. Fla. Jan. 29, 2013); United States v. Velasquez, No. 8:13-cv-5-T-23MAP, 2013 WL 178987 (M.D. Fla. Jan. 17, 2013) .

Bellaizac-Hurtado offers Petitioner no benefit under § 2255(f)(4) either. That section provides that the one year limitations period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered

2

through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The issuance of a legal court opinion is not a "fact" supporting Petitioner's claims which triggers the start of the limitations period under § 2255(f)(4). See Madaio v. United States, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.")

Furthermore, Petitioner has not demonstrated that equitable tolling is appropriate. There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Nor has Petitioner demonstrated that he is actually innocent of the crime of conviction. In light of the foregoing, Petitioner's § 2255 motion is time-barred, and the Court therefore lacks jurisdiction to consider the motion.

Even assuming arguendo that Petitioner's motion was timely, he would not be entitled to any relief. In this regard, Bellaizac-Hurtado is factually distinguishable. There, the court found that "Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the **territorial water** of Panama." 700 F.3d at 1258 (emphasis added).

In this case, according to the factual basis that was filed by the Government prior to Petitioner's guilty plea and read into the record at Petitioner's guilty plea hearing, the go-fast vessel on which Petitioner was traveling was in international waters, approximately 100 nautical miles from Puntarenas, Costa Rica, when the vessel was interdicted. (Cr-D-32 p. 2; Cr-D-140, p. 34.) While Petitioner now contends he was stopped in the territorial waters of Costa Rica (Cv-D-1, p. 15), there is no evidence in the record supporting his conclusory claim. The Certification for the Maritime Drug Enforcement Act Case involving Go-Fast Vessel (without nationality) Federal Identification Number -2010267480, which was executed by Commander Terrance Johns, USCG, on June 28, 2010, and authenticated by the Assistant Authentication Officer of the Secretary of State, specifically states that law enforcement indicted the go fast vessel approximately 100 miles southwest of Puntarenas, Costa Rica. (Cr-D-42, Exh. A, ¶ 4.a.) Generally, the United States recognized the territorial seas of foreign nations up to twelve nautical miles from the foreign coasts. United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003) (citation omitted). As the vessel was in international waters, Bellaizac-Hurtado is inapplicable.

Finally, Petitioner's claim of ineffective assistance of counsel in failing to challenge subject matter jurisdiction fails. An attorney is not ineffective in failing to raise a meritless

claim. See Freeman v. Attorney General, State of Florida, 536 F.3d 1225 (11th Cir. 2008) (citing Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001). Counsel cannot be labeled ineffective for failing to raise issues which have no merit. See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir.1987) (evaluating likelihood of success on claim in assessing deficiency of counsel).

It is therefore ORDERED that:

1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1) is DISMISSED as time-barred.

2) The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 11th day of March, 2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE